WALTER MOTOR TRUCK CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23041.    Promulgated March 28, 1951.

*Murray Kurman, Esq.*, for the petitioner.
*Michael Waris, Jr., Esq.*, for the respondent.

OPINION.

HILL, *Judge:* The respondent determined a deficiency in petitioner's excess profits tax for the year ended June 30, 1945, in the amount of $4,565.42. The sole question for determination is whether the respondent erred in refusing to disallow as an abnormal deduction within the meaning of sections 711 (b) (1) (J) (ii) and 711 (b) (1) (K) (iii) the amount of interest paid by petitioner on a Federal income tax deficiency for its fiscal year ended June 30, 1940.

The facts have been stipulated and they are so found.

Petitioner is a corporation organized and existing by virtue of the laws of the State of New York with its principal office in Ridgewood, New York. Its excess profits tax return for its fiscal year ended June 30, 1945, was filed with the collector of internal revenue for the first district of New York.

During the years involved herein the petitioner was engaged in the business of manufacturing motor trucks.

During its base period taxable year ended June 30, 1940, petitioner paid the sum of $8,627.03 for interest on Federal income tax deficiencies assessed by the Commissioner. During the four previous taxable years ended June 30, petitioner paid the following sums for interest on Federal income tax deficiencies assessed by the Commissioner:

| | |
|---|---|
| 1936 | $6.93 |
| 1937 | 113.12 |
| 1938 | 345.49 |
| 1939 | None |

During the taxable fiscal years referred to immediately above and in the fiscal years 1940 and 1945 petitioner paid the following sums for interest on loans which payments represented all interest paid in those years other than interest on Federal income taxes:

| | |
|---|---|
| 1936 | $375.00 |
| 1937 | 1,871.13 |
| 1938 | 4,329.48 |
| 1939 | 1,433.89 |
| 1940 | None |
| 1945 | None |

The deduction of $8,627.03 which petitioner took during the taxable year ended June 30, 1940, for interest on Federal income tax deficiencies exceeded 125 per cent of the average amount of deductions ($116.38) for interest on such deficiencies for the four previous taxable years by the amount of $8,481.56.

In computing its excess profits tax credit under the income method for the taxable year June 30, 1945, the petitioner treated the amount of $8,175.60 as an abnormal deduction as provided in section 711 (b) (1) (J) (ii) in the taxable year ended June 30, 1940. It used that amount inadvertently, the correct amount under its theory being $8,481.56 as indicated above.

During the taxable years ended June 30, 1943 and 1944, petitioner filed claims for relief under the provisions of section 722 of the Code. In connection with such claims petitioner elected to defer the payment of 33 per cent of the amount of excess profits taxes which it had claimed as relief under section 722 pursuant to the provisions of section 710 (a) (5) of the Code.

During the taxable year ended June 30, 1945, petitioner voluntarily withdrew its election under section 710 (a) (5) and paid the amount

of excess profits taxes which it had previously deferred under that election together with the sum of $9,234.23 interest on the amount of excess profits taxes paid for which it claimed a deduction.

In the statement attached to the notice of deficiency the respondent stated as follows:

It is held that the deduction of $9,234.23 taken by you in the taxable year ended June 30, 1945 for interest paid is of the same class as the interest of $8,627.03 paid on Federal income tax deficiencies in the taxable year ended June 30, 1940 which was claimed to be an abnormal deduction to the extent of $8,175.60 in the computation of your excess profits credit. Accordingly, it is further held that the said $8,175.60 is not an abnormal deduction to be disallowed under the provisions of Section 711 (B) (1) (K) (iii) of the Internal Revenue Code.

Congress enacted section 711 (b) (1) (J) of the Code for the purpose of setting forth certain rules providing for the restoration to base period income of certain abnormal deductions. If any taxapayer corporation were eligible to restore any deduction to income for the base period its excess profits credit based on income would be increased. Section 711 (b) (1) (J) (i) "disallows" *in toto* deductions of the base period which were abnormal by class. Part (ii) "disallows," in the case of deductions abnormal in amount, the excess over 125 per cent of the prior 4-year average. Section 711 (b) (1) (K) (iii) limits the application of section 711 (b) (1) (J) (ii) providing

(iii) The amount of deductions of any class to be disallowed under such subparagraphs with respect to any taxable year shall not exceed the amount by which the deductions of such class for such taxable year exceed the deductions of such class for the taxable year for which the tax under this subchapter is being computed.

Under that section if the deduction of $9,234.23 taken by the petitioner for the year ended June 30, 1945, for interest on excess profits taxes which it had previously deferred under an election, as stated in our findings, was of the same class of deductions as the interest of $8,627.03 paid on Federal income tax deficiencies in the year ended June 30, 1940, then under the limiting provisions of subparagraph (K) (iii) the amount of $8,627.03 may not be disallowed and restored to petitioner's income for the latter year for the purpose of computing its excess profits credit.

The petitioner claims that

No part of the $9,234.23 interest paid on such excess profits taxes during the taxable year ended June 30, 1945, limited the amount of abnormal deduction claimed by the petitioner. as no part of such sum was of the same "class of deductions" as "Interest on Federal Income Tax Deficiencies Assessed by the Commissioner." * * * [In the amount of $8,627.03 deducted in its fiscal year ended June 30, 1940].

The respondent, on the contrary, contends that the two sums are of the same class and therefore that subparagraph (K) (iii) is applicable.

We agree with respondent's determination and think that his reasoning that the payment of interest upon the deficiencies for the taxable

year ended June 30, 1940, was not of a class different from interest paid on excess profits tax for the year ended June 30, 1945, is supported by *Arrow-Hart & Hegeman Electric Co.*, 7 T. C. 1350, and *Oaklawn Jockey Club*, 8 T. C. 1128.

In *Arrow-Hart & Hegeman Electric Co.*, *supra*, the question was whether interest paid on a sum of a million dollars borrowed by the taxpayer for the purpose of retiring its preferred stock was of a class different from interest paid for moneys borrowed for current operations. It was held that those deductions of interest were of the same class.

In *Oaklawn Jockey Club*, *supra*, the question was whether interest on money borrowed to cover net losses during the so-called "dormant" period was of a class different from interest on such things as bank loans, *Federal income tax deficiencies*, *Federal excise taxes*, *Federal old age benefit tax*, and other items. This Court held that there was no difference between these classifications of interest. Cf. *Frank Shepard Co.*, 9 T. C. 913.

In view of the above we hold that the payments of interest involved here were of the same class and that under section 711 (b) (1) (K) (iii) no part of the interest paid by petitioner in its fiscal year ended June 30, 1940, may be disallowed as an abnormal deduction.

The petitioner also contends that

The approval of the Commissioner, after audit of the petitioner's excess profits tax returns for the four previous years, of the class of deductions "interest on Federal income tax deficiencies assessed by the Commissioner" bound the Commissioner to apply the same classification for the year in issue, pursuant to Sec. 35.711 (b)–2 (a), Reg. 112.

It relies particularly on the language of section 35.711 (b)–2 (*a*) of Regulations 112 which provides that deductions may be claimed by a taxpayer "subject to approval by the Commissioner on the examination of the taxpayer's return" and that "Such a classification will be applicable to all other taxable years considered at any time in adjusting deductions under this section, * * *." Petitioner says that in view of the respondent permitting the disallowance of the deduction in question in the years previous to the one here, he is bound to apply the same classification in the instant case. We do not agree with that contention. The respondent under the circumstances of this case was not bound to follow any previous action which he believed to be contrary to the applicable statute. Hence, even assuming any erroneous classification as to abnormal deductions which the respondent might have made for the previous years, we do not think that such can be controlling of the question involved in this case, and we so hold.

It follows that respondent did not err in his determination.

Reviewed by the Court.

*Decision will be entered under Rule 50.*