NORTHERN STATES POWER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

THE MINNEAPOLIS GENERAL ELECTRIC COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29054, 32107, 32106.   Promulgated September 25, 1952.

*G. Aaron Youngquist, Esq.*, and *Frederick W. Thomas, Esq.*, for the petitioners.

*Edward C. Adams, Esq.*, for the respondent.

---

1132

OPINION.

Murdock, *Judge:* These petitioners, like most other public utilities, obtained a large part of their working capital by borrowing money for long terms at low rates of interest. These loans are rather permanent investments. It was normal for the petitioners to have large deductions for interest on such borrowings, but in the base year 1938 they had another large interest deduction which was unusual. Tax liabilities for the years 1924 through 1933 were settled and paid, as was interest on those liabilities in the amount of $560,211.09. Thus, they paid an extraordinarily large amount of interest of this particular kind in the one base year 1938 and that payment brings them within the spirit of section 711 (b) (1). Cf. *Frank H. Fleer Corporation*, 10 T. C. 191. They seek to have a part of their interest deduction for 1938 disallowed and their income of that base period year made more nearly normal by reason of the elimination of that deduction which was at least abnormal in amount.

Is it proper to classify interest on past due tax payments separately from the other interest payments of these taxpayers for the purpose of section 711 (b) (1) (J)? The cases cited by the respondent considered only the classification of interest on the regular borrowings in the course of a business and did not hold that no subclassification of interest can ever be made. Cf. section 711 (b) (1) (H) where interest is subdivided. The utilities willfully borrowed the large amounts of funds which were regularly used by them to obtain equipment and as working capital. They at least participated in the setting of the low interest rates on those borrowings. The funds were obtained and used in order to carry on the business. Interest on their belated tax payments is different in a number of ways from interest of the kind just described. The taxpayer has no intention of borrowing any money and does not seek to borrow money when it pays past due taxes. It probably does not know that interest is owed until

long after it has begun to accrue and it can not accrue and deduct the interest currently. It miscalculated the amount of tax which it owed, failed to pay the full amount of the taxes imposed upon it by law, and was, in a sense, penalized for not making its payments on time by the legal requirement that it pay interest on the belated payments from the time they were due until the time they were paid. The interest for many years became deductible in only one year. The relatively high rate of interest in such cases is not agreed upon by the parties but is fixed by law. If a taxpayer could always compute correctly the amount of tax which it owed prior to the date upon which payment of the tax was required, it would never have to pay any such interest and it would be better off from a financial standpoint. Yet these taxpayers, like most others, have not always been able to do that and, consequently, they have sometimes had to pay interest on past due taxes in order to discharge their obligations under the taxing laws. While in a sense they had the use of money due the Government, still the purpose of Congress can be carried out by classifying the interest on past due tax payments separately from other interest. However, interest of this class was normal rather than abnormal for the taxpayers since they were required to pay interest of that kind from time to time. Therefore, section 711 (b) (1) (J) (ii) applies.

The petitioners contend that interest on "tax deficiencies" should be classified separately from all other interest for present purposes. But to classify interest on tax deficiencies separate from interest on other belated tax payments draws too fine a distinction for the purpose of section 711 (b) (1) (J). Cf. *Walter Motor Truck Co.*, 16 T. C. 645. The petitioners also have argued, perhaps as an alternative to reach about the same result, that section 711 (b) (1) (H) applies in that the interest paid in connection with the 1938 tax settlement was interest on a "claim." Section 711 (b) (1) (H) entitled "Payment of Judgments, and So Forth" provides that:

Deductions attributable to any claim, award, judgment, or decree against the taxpayer, or interest on any of the foregoing, if abnormal for the taxpayer, shall not be allowed, and if normal for the taxpayer, but in excess of 125 per centum of the average amount of such deductions in the four previous taxable years, shall be disallowed in an amount equal to such excess;

The petitioners might gain a greater advantage here from the application of that section than from the holding of the Court that section 711 (b) (1) (J) (ii) applies. One of the definitions of a claim is "A demand for something due or supposed to be due" and the petitioners argue that the taxes paid in 1938 come within that definition because the taxes were due and the Commissioner made a demand for them.

No deduction is allowed for Federal income taxes. They are imposed by law. The taxpayers were told that the Bureau thought they owed additional taxes. The subject was discussed between the parties and an agreement, as to the amount of taxes due, was reached. Only thereafter was any "demand" made for additional taxes. There is no necessity or good reason for regarding interest on such taxes as coming within the meaning of section 711 (b) (1) (H) so that taxpayers who resist sufficiently the taxes imposed upon them would obtain especially favorable treatment under that provision while others, who realize their mistake earlier and pay their taxes before the Commissioner takes any action, would not. A bill for an amount admittedly due is not necessarily a "claim" within the meaning of section 711 (b) (1) (H) nor is every assertion that an amount is due. The taxes here were collected by voluntary agreement between the tax collecting agency and the taxpayer. Section 711 (b) (1) (J) (ii) will give proper relief in this case.

The parties have stipulated that the excess, if any, under section 711 (b) (1) (J) (ii) is not a consequence of an increase in the gross income or a decrease in the amount of some other deduction in its base period. The evidence shows and a finding has been made that the excess is not a consequence of a change at any time in the type, manner of operation, size, or condition of the business engaged in by the taxpayers within the meaning of section 711 (b) (1) (K) (ii). Effect must be given to section 711 (b) (1) (K) (iii) in determining the amount to be disallowed.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*